IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES

V.                              CRIMINAL ACTION NO. 3:23-cr-100-DCB-FKB

DARRAL BASS                                                 DEFENDANT

MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Darral Bass ("Defendant")'s Partial Motion to Dismiss Indictment, [ECF No. 21] ("Motion"), in which Defendant maintains that 18 U.S.C. §§ 922(g)(1)[1] is unconstitutional as applied to him under the Second Amendment.[2] Defendant contends that under New York State Rifle & Pistol Ass'n, Inc. v. Bruen,[3] Fifth Circuit progeny United States v. Rahimi[4] and United States v. Daniels,[5] and the Southern District's decision in United States v. Bullock,[6] the Government cannot meet its burden of showing "the existence of a historical tradition of disarming

---

[1] Section 922(g)(1) provides in pertinent part:
    (g) It shall be unlawful for any person-
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    . . .
    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C.A. § 922(g)(1).

[2] The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

[3] 597 U.S. 1 (2022).

[4] 61 F.4th 443 (5th Cir. 2023).

[5] 77 F.4th 337 (5th Cir. 2023).

[6] No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023).

felons." [ECF No. 21] at 9. The Government filed a Response, in which they refer to nearly 120 post-Bruen decisions from district courts nationwide that upheld the constitutionality of § 922(g)(1). [ECF No. 22] at 14-16, n. 3. The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion should be denied.

## DISCUSSION

Count 5 of the federal grand jury indictment charges that "[o]n or about May 11, 2023, . . . in the Northern Division of the Southern District of Mississippi, the defendant, . . . knowing he had previously been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting interstate and foreign commerce" in violation of §§ 922(g)(1) and 924(a)(8).[7]

On October 9, 2023, Defendant filed the Motion [ECF No. 21], in which he challenges the indictment on constitutional grounds – as applied to him[8] – and moves the Court to dismiss Count 5. Id. at 1.

---

[7] The federal grand jury issued a five-count indictment against Defendant on October 11, 2023. For this Memorandum Opinion and Order's purposes, the Court will focus on Count 5 because Defendant seeks a partial dismissal of Count 5.
[8] "In an as-applied challenge, the court asks whether a law with some permissible uses 'is nonetheless unconstitutional as applied to appellant's activity. . . .'" Bullock, 2023 WL 4232309, at *5 (quoting Spence v. Washington, 418 U.S. 405, 414 (1974)).

2

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED. R. CRIM. P. 12(b). The Fifth Circuit has held that "[t]he propriety of a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id.

The Court also is guided by the firmly established principle that dismissal of an indictment is extraordinary and unusual relief because, unlike dispositive motion practice in civil cases, it encroaches upon the fundamental role of the grand jury. See, e.g., United States v. McFadden, 59 F.3d 1243, 1243 n. 4 (5th Cir. 1995) (dismissal of an indictment is limited to "extraordinary situations"); United States v. Fulmer, 722 F.2d 1192, 1195 (5th Cir. 1983) ("For this reason, we have held that a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant.").

Section 922(g)(1) prohibits any person convicted of a "crime punishable by imprisonment for a term exceeding one year" from

3

possessing a firearm. The Second Amendment presumptively protects the proscribed conduct, so Bruen requires that the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." Bruen, 597 U.S. at 24. Defendant essentially argues that the Government cannot satisfy this requirement.

This Court has previously noted the numerous challenges to Section 922(g)(1) post-Bruen in the Southern District. See United States v. Reed, No. 5:23-CR-4-DCB-FKB, at 4 (S.D. Miss. Jan. 8, 2024); and United States v. Dillon, No. 5:23-CR-3-DCB-FKB, at 10 (S.D. Miss. Jan. 8, 2024). Moreover, the Court recently found "there is a virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in Bruen's wake." United States v. Gwinn, No. 1:23-CR-50-LG-RPM-1, 2023 WL 8242711, at *1 (S.D. Miss. Nov. 28, 2023); contra Bullock, 2023 WL 4232309 at *31, appeal docketed (5th Cir. July 31, 2023). Many courts in the Fifth Circuit have also thoroughly chronicled and analyzed the development of pre-Bruen and post-Bruen caselaw, so there is no need to repeat that narrative here. See, e.g., United States v. Brown, No. 4:23-CR-00071, 2023 8794641, at *2-3 (N.D. Miss. Dec. 20, 2023) (tracing the relevant case history since District of Columbia v. Heller, 554 U.S. 570 (2008)); United States v. Schnur, No. 1:23-CR-65-LG-BWR-1, 2023 WL 4881383, at *1-10 (S.D. Miss. July 31, 2023 (exhaustive history of pre-Bruen and post-Bruen

cases, as well as an in-depth historical analysis of the Second Amendment, including historical support for felon disarmament at the time of America's founding).[9]

The Fifth Circuit recently held that Section 922(g)(1) "is not clearly or obviously unconstitutional under Bruen." United States v. Murray, No. 23-10234, 2024 WL 21398, at *3 (5th Cir. Jan. 2, 2024) (citing United States v. Jones, 88 F.4th 571, 573-74 (5th Cir. 2023) (decided November 21, 2023)). Defendant correctly observes in his Reply that the Fifth Circuit has not conclusively decided the question of the constitutionality of Section 922(g)(1) in a matter where the Bruen challenge was properly preserved at the trial level. [ECF No. 23] at 4 (citing United States v. Washington, No. 22-10574, 2023 WL 5275013 (5th Cir. Aug. 16, 2023)). Still, the Fifth Circuit has consistently upheld Section 922(g)(1) convictions under plain error review

---

[9] Of note from the historical analysis in Schnur is the following excerpt:
> Most writers and historians agree. From time immemorial, various jurisdictions recognizing a right to arms have nevertheless taken the step of forbidding suspect groups from having arms. See Don B. Kates & Clayton E. Cramer, Second Amendment Limitations and Criminological Considerations, 60 HASTINGS L.J. 1339, 1360 (2009); See also Robert Dowlut, The Right to Arms: Does the Constitution or the Predilection of Judges Reign?, 36 OKLA. L. REV. 65, 96 (1983) ("Colonial and English societies of the eighteenth century, as well as their modern counterparts, have excluded infants, idiots, lunatics, and felons [from possessing firearms]."). Although the historical record provides no "dead ringer[s]," Bruen, 142 S.Ct. at 2133, courts have nevertheless found support for "the idea that the original understanding of the right codified by the Second Amendment permitted some categorical limits on the right to bear arms," including "the disarmament of persons deemed dangerous or a threat to public safety." Zelaya Hernandez, 2023 WL 4161203 (citations omitted).

Schnur, 2023 WL 4881383, at *9.

where the Bruen challenge was not raised and preserved pre-conviction. See, e.g., Murray, 2024 WL 21398, at *1-2; Jones, 2023 88 F.4th at 573-74; United States v. Roy, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 234 (2023); United States v. Hickcox, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 237 (2023). Mindful of the procedurally distinct plain error standard of review applicable to the above-referenced post-conviction appeals, the Court nonetheless finds instructive the Fifth Circuit's synopsis of current Section 922(g)(1) law in Jones:

> Before Bruen, this court held that § 922(g)(1) does not violate the Second Amendment. See, e.g., United States v. Darrington, 351 F.3d 632, 633-34 (5th Cir. 2003). And in his concurring opinion in Bruen, Justice Kavanaugh—quoting District of Columbia v. Heller, 554 U.S. 570, 626–27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and McDonald v. Chicago, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)—stated: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." Bruen, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted).

6

This court has not yet addressed the impact of Bruen on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court.

. . .

The Third and Eighth Circuits have considered the constitutionality of § 922(g)(1) after Bruen and reached conflicting results. See Range v. Att'y Gen., 69 F.4th 96, 98-99 (3d Cir. 2023) (en banc) (rejecting the Government's argument that statements in Heller, McDonald, and Bruen seemingly approved of felon disarmament and holding that the defendant remained one of the people protected by the Second Amendment given his particular felony conviction and had a right to purchase a hunting rifle and shotgun for self-defense); United States v. Cunningham, 70 F.4th 502, 506 (8th Cir. 2023) (holding that "[t]he longstanding prohibition on possession of firearms by felons is constitutional").

**Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that Bruen dictates such a result**, we have rejected plain-error challenges to § 922(g)(1) under Bruen in several unpublished opinions. See, e.g., United States v. Roy, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25,

7

2023) (unpublished), cert. denied, No. 23-5188, --- U.S. ----, 144 S.Ct. 234, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); United States v. Hickcox, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished), cert. denied, No. 23-5130, --- U.S. ----, 144 S.Ct. 237, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); United States v. Pickett, No. 22-11006, 2023 WL 3193281, 1 (5th Cir. May 2, 2023) (unpublished); United States v. Smith, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (unpublished); United States v. Racliff, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (unpublished); United States v. EtchisonBrown, No. 22-10892, 2023 WL 7381451 (5th Cir. Nov. 7, 2023) (unpublished). The different conclusions reached by the Third and Eighth Circuits noted above further support the conclusion that this unsettled question is not clear or obvious error. See Salinas, 480 F.3d at 759. Accordingly, we conclude that Jones has failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error.

Jones, 88 F.4th at 573-74 (emphasis added). Absent a Supreme Court or Fifth Circuit decision ruling otherwise, the Court is persuaded that it remains bound by Fifth Circuit precedent under § 922(g)(1).

Finding no reason to dismiss Count 5 of the indictment against Defendant, the Motion shall be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 21] is hereby DENIED.

SO ORDERED, this 11th day of January, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE